IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Timothy Wampler,

    Petitioner,                                        Case No. 3:17CV2136

    v.                                               **ORDER**

Warden James Haviland,

    Respondent

This is a habeas corpus case under 28 U.S.C. § 2254. Following referral to Magistrate Judge Kathleen Burke and the filing of her Magistrate Judge's Report & Recommendation (Doc. 19), the petitioner, Timothy Wampler, filed objections. (Doc. 22). The Attorney General's Office has notified the court that it does not intend to file a response beyond that of its Response to the Show Cause Order to the Writ.

The petitioner asserts two objections: 1) insufficiency of the evidence to convict; and 2) ineffective assistance of counsel. On *de novo* review, I find no error in the Report & Recommendation or merit to the petitioner's objections.

## Background

### A. Sufficiency of the Evidence

A Lucas County, Ohio, jury convicted the petitioner of six counts of rape of a cousin's minor male children. He received a sentence of life without the possibility of parole. The principal contested issue was whether the State produced sufficient evidence of penetration.

The victims' mother encountered a ten-year old son on top of a three-year old child in the younger child's bed; both had their pants down, and the younger child was face down. The older child said that he was just doing what Tim would do.

The other pertinent evidence of insertion/penetration came from: 1) medical examinations of the victims; and 2) interviews by a Child Advocacy Center (CAC) interviewer.

The medical examiner concluded that, based on observations of the victims' physical condition, they had been sexually abused. With regard to the CAC interviews, that of victim N.L. evidenced anal penetration:

Q: Where did he put his penis?

A: My butt.

\* \* \*

Q: He only put his penis in your butt?

A: [Nodded affirmatively.]

\* \* \*

Q: How many times do you think it happened?

A: A lot.

C.L., N.L.'s brother, who witnessed petitioner anally penetrate N.L., testified:

Q: Okay. Let's talk about [N.L.]. Did you see anything with [N.L.]?

A: I seen the same things with [N.L.] I didn't know how many times he did it with [N.L.] because I wasn't in the room some of the times.

Q: How many times do you think you were in the room?

A: One or two times.

Q: And what did you see him do to [N.L.]?

A: Put his front private in [N.L.'s] back private and put his front private in [N.L.'s] mouth.

(Doc. 19 at 12).

I agree with the Magistrate Judge that, under *Jackson v. Virginia,* 443 U.S. 307 (U.S. 1979), a rational trier of fact could find beyond a reasonable doubt that the petitioner was guilty as charged.

## B.  Ineffective Assistance of Counsel

Petitioner claims his trial attorney deprived him of his Sixth Amendment right to effective assistance of counsel by having conceded that the indictment and amended bill of particulars sufficed to provide notice of the charges. The Ohio Court of Appeals found to the contrary, noting that those documents were, as they stood, adequate. Thus, no challenge would have been successful.

I agree with the Magistrate Judge that the appellate court's decision was not unreasonable. (*See* Doc. 19 at 12 (citing *State v. Wampler*, 2016 WL 3574571, *5 (Ohio App.)). *See Strickland v. Washington*, 466 U.S. 668, 669, 687 (1984) (to establish ineffective assistance of counsel, a defendant must show "that counsel's performance was deficient and . . . that he was prejudiced" as a result). The Ohio Court of Appeals' finding was not unreasonable: no ineffectiveness exists where an attorney decides not to assert a meritless claim. *See*, *e.g., Moore v. Mitchell*, 708 F.3d 760, 778 (6th Cir. 2013).

Absent a defect in representation, the issue of prejudice is moot. In any event, it is clear that the petitioner suffered none.

With regard to petitioner's claim that his attorney failed to investigate witness statements, petitioner's failure to assert that claim in his petition, as the Magistrate Judge noted, precludes

3

review in this court. *See Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005) (petitioner waived a theory of relief asserted only in a traverse but not in the habeas petition). Moreover, any such claim would be procedurally defaulted for failure to have presented it to the Ohio courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

The Magistrate Judge properly concluded that petitioner's claim of constitutionally ineffective counsel was meritless was correct.

## Conclusion

I conclude, accordingly, that the Magistrate Judge correctly adjudicated petitioner's claims. Having so found on the basis of *de novo* review, it is hereby

ORDERED THAT

1. The petitioner's objections to the Magistrate Judge's Report & Recommendation be, and the same hereby are overruled;
2. The Report & Recommendation be, and the same hereby are adopted as the order Order of this court; and
3. The petition for a Writ of Habeas Corpus be, and the same hereby is dismissed with prejudice.

I find further that reasonable jurists could not rationally dispute this Order, and I therefore decline to issue a Certificate of Appeal.

So ordered.

/s/James G. Carr
Sr. U.S. District Judge